**FILED**

**JUN 2 1 2023**

**U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **4:23CR330 RLW/JMB** |
| MARK ROBINSON, | ) ) |
| Defendant. | ) ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jerome McDonald, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending trial, and further requests that a detention hearing be held at the time of defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq., and per current guidance from the Court.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Presumption of Detention

1. The defendant is charged with offenses for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), distribution of a controlled substance.

2. The offenses with which the defendant are charged trigger a rebuttable presumption of detention pursuant to Title 18, United States Code, Section 3142(e)(3)(A) and (B). There are

no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

### The Nature and Circumstances of the Offense

3.  Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and characteristics of the offenses charged, including whether the offense involves a controlled substance. Because the offenses with which the defendant is charged involve a dangerous controlled substance—fentanyl—the first of the § 3142(g) factors weighs in favor of detention.

### The Weight of the Evidence Against the Defendant

4.  Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong. On four separate occasions the defendant sold fentanyl to an undercover law enforcement officer.

### The History and Characteristics of the Defendant

5.  The defendant has a criminal history which includes: (1) 2016 convictions for possessing heroin with the intent to distribute and felony resisting a lawful stop, including two revocations of probation; (2) 2016 convictions for distributing heroin and felony resisting an arrest, including one revocation of probation; and (3) 2019 convictions for felony resisting a lawful stop and felony leaving the scene of an accident.

6.  This Court should consider the defendant's past conduct and criminal history. *See* 18 U.S.C. § 3142(g)(2)(A).

### The Nature and Seriousness of the Danger to the Community

7.  Despite his multiple prior drug convictions, the defendant continued to sell fentanyl, a dangerous drug. In addition, in his three prior convictions for resisting a lawful stop or

an arrest, the defendant was convicted of fleeing from law enforcement in a manner that endangered the safety of others.

8. The defendant has demonstrated an inability to comply with the requirements of state supervision, in that he has had a term of probation revoked on at least three occasions.

9. The safety of the community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

10. There is a risk that the defendant will flee based on the potential penalty he is facing and his lengthy criminal history. In addition, in each of his prior convictions listed above the defendant was convicted of fleeing from law enforcement.

### Conclusion

11. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

Respectfully submitted,
SAYLER FLEMING
United States Attorney

*/s/ Jerome McDonald*
JEROME MCDONALD, #63412MO
Assistant United States Attorney